**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Leonardo Estrada-Rabago,<br>Plaintiff<br>-vs-<br>Eric Rokosky, et al.,<br>Defendants. | CV-26-7636-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed October 19, 2026 (Doc. 1).

**Background** – Petitioner is a native and citizen of Mexico who was admitted on a non-immigrant tourist visa on March 2, 2018, with authority to remain until September 1, 2019. Petitioner overstayed his visa, and has resided in the United States ever since, fathering two U.S. Citizen children, with no criminal history. Petitioner was detained on September 18, 2026, after being stopped by immigration officials while driving a work truck, without any known probable cause. He was granted a bond hearing under 8 U.S.C. § 1226, but was denied bond as a flight risk, citing Petitioner's visa overstay, lack of employment authorization, lack of a driver's license, and lack of tax payments.

**Briefs** – Petitioner's counseled Petition argues, *inter alia*: (1) the criteria relied on to deny him bond were invalid because they would lead to automatic denial of bond in all cases; (2) his detention is arbitrary and capricious and a violation of the Administrative Procedures Act; and (3) his seizure and arrest was a Fourth and Fifth Amendment violation as a race-based stop. Petitioner seeks release.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In their Response, Respondents state: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25 6842,

2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 8.)

**Application of Law** – Respondents' response fails to engage with or rebut the actual allegations in the Petition, and thus waives any defense. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); see also *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(B) Respondents must **IMMEDIATELY RELEASE** Petitioner, subject to the same conditions of release previously imposed on Petitioner.

(C) Respondents must file a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner, including the particulars of the release (time, conditions, etc.).

(D) Any pending motions are **DENIED** as moot.

(E) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: November 4, 2026

26-7636-001o Order 26 10 28 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge